## Rhoades v. Decker et ux.

*Robert C. Haberstroh,* for plaintiff.
*R. D. Lorenz,* for defendants.

PATTERSON, P. J., December 29, 1938.—Plaintiff, W. A. Rhoades, instituted this action in assumpsit to no. 141, October term, 1932, against Louise Decker and Robert Decker. The summons was served personally upon defendants by the Sheriff of Blair County before the first Monday of December, 1932, the return day of the writ. There was no appearance for defendants and no affidavit of defense filed by them.

On November 26, 1932, one Elda White filed a paper wherein she described herself as the daughter of defendants and the "recognized and duly authorized agent of defendants and competent as agent to execute this affidavit for and in behalf of defendants." She further al-

leged that defendants did not owe the bill and had never contracted the same, but that "the indebtedness was contracted by affiant and none other." That she, the said Mrs. Elda White, purchased the groceries, food, and other household supplies from the said plaintiff and "owes the bill but lacks financial ability to pay."

It is further averred in said affidavit that Robert Decker, one of the defendants, was at the time of the institution of said suit mentally deranged. Nothing further was done in the matter until August 28, 1938, when plaintiff filed a motion for judgment for want of an appearance and want of an affidavit of defense.

The affidavit of Mrs. Elda White cannot be considered as an affidavit of defense. She is not a party defendant and her declaration of agency would not be sufficient to authorize her as agent to appear and defend.

Counsel for plaintiff has, in open court and in the brief filed, withdrawn the action against Robert Decker, one of the defendants, for the reason that he has since died and no proceedings were had to substitute the legal representative of his estate.

The motion for judgment against Louise Decker, one of the defendants, for want of an affidavit of defense and for failure to enter appearance should be sustained.

This action was regularly instituted. Plaintiff filed a summons in assumpsit and statement with itemized account attached before the return day of the writ, and no appearance for defendant having been filed plaintiff is entitled to judgment. A statement having been successfully served in one way or another, "the defendant shall file an affidavit of defense . . . within fifteen days from the day when the statement was served upon him": Practice Act of May 14, 1915, P. L. 483, sec. 12.

In taking judgment under the Practice Act for want of an affidavit of defense, judgment can be taken for want of an affidavit of defense on the sixteenth day after service of the writ and statement.

It is hereby ordered, adjudged, and decreed that the rule for judgment for want of an appearance and for want of an affidavit of defense is made absolute, and the prothonotary is directed to enter judgment in favor of plaintiff, William A. Rhoades, and against Louise Decker, defendant, in the sum of $417.42 with interest from October 20, 1932, to December 30, 1938, to wit, a total of $572.58.